

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2005

# USA v. Wells

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1263

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Wells" (2005). *2005 Decisions.* Paper 1481.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1481

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1263
_____

UNITED STATES OF AMERICA
v.

VIVIAN WELLS,
*Appellant*

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 02-cr-00945)
District Judge: Honorable William H. Walls

_____

Submitted Under Third Circuit LAR 34.1(a)
February 8, 2005
Before:  BARRY, FUENTES and BECKER, *Circuit Judges*

(Filed:  March 3, 2005)


_____

OPINION
_____


BECKER, *Circuit Judge*.

        This is an appeal by Vivian Wells from a judgment in a criminal case entered

pursuant to a bargained for plea of guilty.  While all but one of the issues raised on appeal

present sentencing issues which, because of problems related to *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005),[1] require remand for resentencing in accordance with this Court's protocols, Wells raises one arguably non-*Booker* issue that we will deal with. Because the parties are fully familiar with the background facts and procedural history, we limit our discussion largely to our *ratio decidendi*.

Wells and her brother Benye were charged in a 17-count indictment with various offenses arising out of an identity theft scheme. Pursuant to a written plea agreement, Wells pleaded guilty to count 1 of the indictment, charging her with conspiracy to produce false identification documents, 18 U.S.C. § 1028(a)(1), and with fraudulently using one or more unauthorized access devices to obtain things of value aggregating $1,000 or more, 18 U.S.C. § 1029(a)(2), all in violation of 18 U.S.C. § 371, the general conspiracy law.

The plea agreement reserved Wells' (and the government's) right to argue at sentencing about the applicability of U.S.S.G. § 3B1.2 (mitigating role). The relevant provisions are as follows:

> Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Ms. Wells by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office [with] all law and information relevant to sentencing, favorable or otherwise, including information provided by Ms. Wells before and after signing this agreement.

---

[1]The District Court made factual findings regarding the amount of loss and the number of victims, and denied several proposed downward departures.

. . .

This Office and Ms. Wells agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. . . . To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.[2]

The government made comments at sentencing concerning two sentencing adjustments under U.S.S.G. § 2B1.1(b) that, as we read the agreement, were authorized under its plain language.[3] Nothing that we can find in the plea agreement precluded the government from commenting on these adjustments, and the government expressly reserved the right to take any position on any sentencing issue not specifically addressed in the agreement. The plea agreement contained no stipulation to the appropriate offense level that could be implicated by the government's comments. Wells nonetheless submits

---

[2]The agreement also contains a merger clause, making it fully integrated. The clause provides:

> This agreement constitutes the full and complete agreement between Ms. Wells and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter, and none will be entered into unless in writing and signed by the parties.

[3]The two adjustments are: (1) the two-level upward adjustment of U.S.S.G. § 2B1.1(b)(2)(A), for more than 10 but fewer than 50 victims; and (2) the two-level upward adjustment of former U.S.S.G. § 2B1.1(b)(9) (now § 2B1.1(b)(10)), for involvement in the offense of the possession or use of device-making equipment, the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, or the possession of five or more means of identification that unlawfully were produced from another means of identification. However, the government took no official position on the conclusions of the Probation Office on the two adjustments unmentioned in the plea agreement or its stipulations.

that the District Court erred in not ruling that the government breached the agreement in arguing for § 2B1.1 enhancements not contained in the plea agreement.

The essence of Wells' argument is that the plea agreement, in which the parties reserved their right to argue "about the applicability of § 3B1.2 (mitigating role)" at sentencing "reflects an implicit understanding that no other enhancements were considered by the parties to be applicable." We have, however, rejected attempts by defendants to claim that the government breached an "implicit" understanding in a plea agreement. *See United States v. Medford*, 194 F.3d 419, 423 & n.4 (3d Cir. 1999). This result is buttressed by the merger clause of the agreement. *See supra* note 3. In sum, because the plea agreement contained no stipulation whatsoever concerning the challenged adjustments, and because the government expressly reserved the right to take any position on a sentencing issue not otherwise addressed in the agreement, the government's comments were proper, and there was no breach.

Appellant challenges her sentence under *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005). Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for re-sentencing in accordance with *Booker*.

We will affirm the judgment of conviction, vacate the sentence, and remand to the District Court for re-sentencing.